IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANITORS SERVICES, INC.<br>Plaintiff | §<br>§<br>§<br>§ | |
| vs. | §<br>§ | C.A. H-06-1475 |
| NATHANIEL B. SHAW<br>Defendant | §<br>§<br>§<br>§ | |

## AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION

Defendant Nathaniel Shaw ("Shaw") and Plaintiff Sanitors Services, Inc. ("Sanitors") (collectively "Parties") have resolved their differences in the above-entitled Cause and have entered into a Settlement Agreement, without admitting any liability for asserted allegations in the Cause. As part of that Settlement Agreement, the above Parties have requested this Court to enter this Agreed Final Judgment and Permanent Injunction. The Court finds that the request is meritorious. Therefore,

IT IS ORDERED that Nathaniel B. Shaw, his agents, employees, servants, successors, assigns and legal representatives, and all those in active concert or participation with them, are ordered as follows:

1. Within five (5) business days after Nathaniel B. Shaw receives a copy of this Agreed Judgment and Permanent Injunction signed by the Court, Nathaniel B. Shaw shall, to the extent he has not previously turned over such information to Sanitors' counsel in this law suit, turnover any and all Sanitors' information in his possession, custody or control or subject to his right of possession, individually or collectively, and to refrain from impairing in any way that turnover. Further,

Nathaniel B. Shaw shall print and turn over to Sanitors any and all electronic records containing Sanitors' information that exist in any computer storage media and then completely erase such electronic information so as to render it non-recoverable. The turnover shall be made by delivery at the expense of Shaw to the offices of Plaintiff's counsel, JoAnne Ray, at 1221 McKinney, Suite 4400, Houston Texas. Such Sanitors' information shall include, but is not limited to, any information regarding Sanitors' past or present clients, including but not limited to, janitorial needs, work ups, notes, interviews, client lists, phone numbers, addresses, and other contact information. Shaw shall further turnover all such information regarding prospective Sanitors' clients if such information was prepared or compiled by or for Sanitors, including any personnel of Sanitors. Such information shall also include without limitation Sanitors' operating procedures and policies; costs; billings; estimates; invoices; rates; other client or prospective client information; manuals; documents; computer programs; compilations of technical, financial, legal or other data; names of suppliers; specifications; business or marketing plans; forecasts; or other technical or business information. The turnover of such information need not include copies of past contracts that Shaw has executed for employment with Sanitors, pay stubs, correspondence directed to Shaw regarding personal matters such as compensation, and other personal information pertaining solely to Shaw and not to any other Sanitors' employee or former employee. Such personal information that may be retained by Shaw does not include Sanitors' information that would relate to former or current clients, Sanitors' forms, programs, or derivations

thereof that are used in by Sanitors in providing services to its clients, Sanitors' financial information other than Shaw's compensation received while at Sanitors, or other business information of Sanitors. The turnover and erasure shall be complete without keeping copies, extract, derivatives, or other related information; and

2. Within five days after he receives a copy of this Agreed Final Judgment and Permanent Injunction signed by the Court, Nathaniel B. Shaw shall execute and serve on Plaintiff's counsel an affidavit in form and substance identical with attached Exhibit A (incorporated herein by this reference) to show full, complete and absolute compliance with the turnover order set forth above.

IT IS FURTHER ORDERED that Nathaniel B. Shaw, his agents, employees, servants, and legal representatives, and all those in active concert or participation with them, are permanently enjoined and restrained from committing any of the following acts prior to March 1, 2008:

(i) soliciting or diverting away from Sanitors Services, Inc. or attempting to solicit or divert away from Sanitors Services, Inc. the six clients specifically named in Section IIE. (2) of the Settlement Agreement as well as the affiliates of such six current or recent clients;

(ii) soliciting the following potential customers of Sanitors Services, Inc. for which Nathaniel B. Shaw was involved in preparation of bids for and/or solicitation of during his last 12 months with Sanitors: Haverty's, Industrialplex, Toys r Us, and Bass Pro Shop;

(iii) requesting or inducing any employee of Sanitors Services, Inc., Sanitors, Inc., Grounds Control, Inc., or any Sanitors, Inc. affiliate with "Sanitors" or "Grounds Control" in its name to terminate his/her employment with Sanitors Services, Inc., Sanitors, Inc., Grounds Control, Inc., or any Sanitors, Inc. affiliate with "Sanitors" or "Grounds Control" in its name and to accept employment with another entity;

(iv) interferring with or attempting to interfere with negotiations between Sanitors Services, Inc. (or its affiliates, Grounds Control, Inc. or Sanitors, Inc.) and any

    acquisition or investment target of Sanitors Services, Inc. (or its affiliates, Grounds Control, Inc. or Sanitors, Inc.);

(v) soliciting or attempting to solicit any acquisition or investment target with which Sanitors Services, Inc. (or its affiliates, Sanitors, Inc. or Grounds Control, Inc.) were in negotiations during the six (6) month period prior to Nathaniel B. Shaw's termination from Sanitors Services, Inc.;

(vi) disclosing confidential information of Sanitors Services, Inc.

As to (i) of the paragraph above, nothing contained in (i) shall prevent Nathaniel B. Shaw's new employer, AIC Facilities Management, Inc. ("AIC"), from soliciting work from any clients or any prospective clients. However, Nathaniel B. Shaw shall have no involvement, either directly or indirectly, in AIC's solicitation of business from any Sanitors' clients or prospective clients from which he is prohibited from soliciting business under the terms of the Settlement Agreement that he signed in this Cause, or in any attempt by AIC to divert such business away from Sanitors. Furthermore, Shaw shall not provide, either directly or indirectly, any assistance to any AIC employee who is soliciting business from or providing services to a client or prospective client that Shaw is prohibited from soliciting under the terms of the Settlement Agreement that he signed in this Cause.

IT IS FURTHER ORDERED that Shaw shall not disclose Sanitors Services, Inc.'s trade secrets unless the information that formed the basis for such trade secret becomes publicly known.

IT IS FURTHER ORDERED THAT the Court shall retain jurisdiction to enforce this Agreed Final Judgment and Permanent Injunction.

IT IS FURTHER ORDERED that this Cause against Nathaniel B. Shaw is dismissed with prejudice. All relief not granted against Plaintiff or against Defendant Shaw is denied. Each party shall bear his or its own costs and attorneys' fees.

SIGNED this 28th day of AUGUST, 2006.

United States District Judge

AGREED:

JoAnne Ray
SBN 16604600
ADAMS AND REESE LLP
1221 McKinney Street, Suite 4400
Houston, Texas 77010
Phone: 713-652-5151
Facsimile: 713-652-5152

**ATTORNEY-IN-CHARGE FOR PLAINTIFF SANITORS SERVICES, INC.**

Howard Rosenberg
HR/2321
Kreinces & Rosenberg, P.C.
900 Merchants Concourse, Suite 305
Westbury, NY 11590
Tel. 516-227-6500
Fax 516-227-6594

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATHANIEL B. SHAW**

**SANITORS SERVICES, INC.**

By: _____

Name: _Darrell Glover_

Title: _CEO_

Date: _8-24-06_

ROSEMARY LUJAN
Notary Public, State of Texas
My Commission Expires
June 01, 2007

_[signature] 8-24-06_

**NATHANIEL SHAW**

Signature: _[signature]_

Date: _8/15/06_

Kathy Lemmons — 8-15, 2006

April 6, 2008

KATHY LEMMONS
NOTARY PUBLIC
BURKE COUNTY, N.C.

394915.1                               6